IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO MOGOLLON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-3070-N |
| | § | |
| BANK OF NEW YORK MELLON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

This Order addresses Defendant Bank of New York Mellon's ("BNYM") motion to dismiss [20].  For the reasons set forth below, the Court denies the motion.

**I. ORIGINS OF THE MOTION**

This case arises out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford").  The facts of Stanford's scheme are well-established, *see, e.g., Janvey v. Democratic Senatorial Campaign Committee, Inc.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and are not recounted in great detail here.  Reduced to its essence, Stanford's scheme involved the sale of fraudulent certificates of deposit ("CDs") issued by Stanford International Bank, Ltd. ("SIBL"), an offshore bank based in Antigua.  Although Stanford represented to investors that CD proceeds were invested in only low risk, high return funds, in reality the CD proceeds were used to finance Stanford's own extravagant lifestyle and pay off previous investors.

In March 2019, Plaintiffs Sergio Mogollon and Colleen Lowe brought this suit in the District of New Jersey, aspiring to represent a class of CD investors against BNYM. Pls.' Compl. 1 [1]. Plaintiffs allege that in various ways, primarily tied to its association with the clearing firm Pershing LLC, BNYM aided and abetted the Stanford Ponzi scheme. In December 2019, the Judicial Panel on Multidistrict Litigation ("JPML") transferred this case to the Northern District of Texas. JPML Transfer Order [15]. BNYM subsequently filed a motion to dismiss, which the Court granted based on New Jersey's statute of limitations. Order Granting Mot. Dismiss [40]. However, the Fifth Circuit reversed. *Mogollon v. Bank of New York Mellon*, 2022 WL 17716332, at * 1 (5th Cir. 2022). Now, the Court considers the remaining arguments from BNYM's initial motion to dismiss: (1) that the District of New Jersey lacks personal jurisdiction over BNYM; (2) that venue is improper in the District of New Jersey; and (3) that Plaintiffs fail to state claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty.

## II. THE DISTRICT OF NEW JERSEY HAS PERSONAL JURISDICTION OVER BNYM

In a multidistrict litigation, a transferee court must establish whether jurisdiction and venue were proper in the transferor court. *See In re Sterling Foster & Co., Inc. Securities Litig.*, 222 F. Supp. 2d 289, 300 (E.D.N.Y. 2002). Here, BNYM argues that the District of New Jersey lacks personal jurisdiction over BNYM. The Court disagrees; Plaintiffs have established specific jurisdiction in the District of New Jersey.

### A. Personal Jurisdiction Standard[1]

"To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *WorldScape, Inc. v. Sails Capital Mgmt.*, 2011 WL 3444218, at *3 (D.N.J. 2011) (citing *IMO Indus., Inc. v. Kierkert, AG*, 155 F.3d 254, 259 (3d Cir.1998)). The first step requires courts to apply the state's long-arm statute, while the second step requires courts to apply principles of due process. *Id.* In New Jersey, this inquiry conflates to a single analysis because "the New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection." *Id.* (internal citations omitted.)

Due process permits the exercise of personal jurisdiction over a nonresident defendant when the defendant maintains minimum contracts with the forum such that a suit would not offend "traditional notions of fair play and substantial justice. *Id.* (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987)). Plaintiffs bear the burden of establishing personal jurisdiction. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). However, in the absence of an evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction and is entitled to have his allegations taken as true and all factual disputes drawn in his favor. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.

---

[1] The parties agree that New Jersey law applies to this issue. Def.'s Mot. Dismiss 6; Pls.' Resp. Br. 3 [32]; *see also In re Sterling Foster & Co., Inc.*, 222 F. Supp. 2d at 300 ("Personal jurisdiction over a non-resident defendant is governed by the law of the state in which a federal court sits.")

MEMORANDUM OPINION & ORDER – PAGE 3

2004).² Finally, a plaintiff may show either general or specific jurisdiction. *WorldScape*, 2011 WL 3444218, at *3. Here, Plaintiffs allege only specific jurisdiction. Pls.' Resp. Br. 3 [32].

### B. Plaintiffs Have Established Specific Jurisdiction

The test for specific jurisdiction contains a three-part inquiry: (1) whether the defendant purposefully directed activities into the forum; (2) whether the litigation arises out of or relates to at least one of those activities; and (3) whether the exercise of jurisdiction otherwise comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted). Here, BNYM argues only that Plaintiffs have not alleged sufficient minimum contact with New Jersey and that Plaintiffs' claims do not arise from BNYM's activities in the state. The Court disagrees.

***1. Plaintiffs Have Alleged Sufficient Minimum Contacts. -*** Plaintiffs have provided sufficient evidence and allegations that BNYM directed activities to New Jersey. Plaintiffs claim BNYM met with Stanford in New Jersey to "engag[e] in recruiting for Stanford, lend[] reputational enhancement, and solicit[] Stanford's business on behalf of

---

² BNYM argues that Plaintiffs' complaint fails to allege sufficient facts to establish jurisdiction. Def.'s Reply Br. 4 [35]. But in response to a Rule 12(b)(2) motion to dismiss, a plaintiff *must* raise competent evidence to establish jurisdiction. *See Time Share Vacation Club v. Atlantic Records, Ltd.*, 735 F. 2d 61, 66 n.9 (3d Cir. 1984) (explaining that a plaintiff must raise sufficient evidence and may not rely on pleadings alone to survive a motion to dismiss for lack of personal jurisdiction); *see also Smal and Partners UK Ltd. v. Podhurst Orseck P.A.*, 2012 WL 1108560, at *2 (D. N. J. 2012) ("A plaintiff has the burden of persuasion to establish that jurisdiction is proper and must provide facts based upon competent evidence, such as affidavits.").

itself and its sister company Pershing." Pls.' Resp. Br. 7 (citing emails from Pershing to BNYM thanking BNYM for its participation in the Stanford meeting). BNYM allegedly met with Stanford in New Jersey a second time to review its custody services. *Id.* at 7–8. In addition to these in-person meetings, Plaintiffs allege that BNYM directed material communications to New Jersey regarding its relationships with Stanford. *Id.* at 8. These communications include due diligence emails, marketing materials, and conference calls. *Id.* at 8–9.

BNYM does not dispute these factual allegations. *See* Def.'s Reply Br. 4–5 [35]. And courts have previously held that physical contact with the state along with subsequent communications directed to the state are sufficient to establish personal jurisdiction. *See e.g., Heartland Payment Sys., LLC v. Carr*, 2019 WL 949120, at *7 (D.N.J. 2019) (finding that emails and phone calls directed to New Jersey provided sufficient minimum contact); *Eaton Corp. v. Maslym Holding Co.*, 929 F. Supp. 792, 797 (D.N.J. 1996) ("[C]ommunications directed into New Jersey go a long way toward establishing minimum contacts."); *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 147–48 (3d Cir.1992) (finding sufficient minimum contacts based on one meeting in New Jersey and several telephone calls directed to the state). Accordingly, the Court concludes that Plaintiffs have shown sufficient minimum contacts between BNYM and New Jersey.[3]

---

[3] BNYM also argues that Plaintiffs cannot rely on contacts between BNYM and Pershing. Def.'s Reply Br. 4–5. However, BNYM fails to cite a case within the Third Circuit supporting this assertion. Further, unlike the cases BNYM does cite, Plaintiffs here allege that BNYM physically visited New Jersey as part of its work with Stanford. *Compare* Pls.' Resp. Br. 7 (BNYM traveling to New Jersey for a meeting) *with Kramer Motors, Inc. v.*

### 2. Plaintiffs Have Shown That the Litigation Arises Out of BNYM's Contact With New Jersey. -

For a defendant's contacts to satisfy the relatedness requirement, "there must be a strong relationship among the defendant, the forum, and the litigation." *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021) (internal citation omitted). BNYM argues that this "strong relationship" must include causation. Def.'s Supp. Br. 4–5 [67]; *see also O'Connor*, 496 F.3d at 323 (imposing a minimum showing of causation to satisfy the relatedness requirement). But the Supreme Court recently rejected the notion that a strict causal relationship is required, instead concluding that "some relationships will support jurisdiction without a causal showing." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). This holding effectively overrules the Third Circuit's previous causation requirement. *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 441 (D.N.J. 2021) ("[T]he Third Circuit's causation requirement cannot be reconciled with *Ford*."). Thus, a plaintiff need only show that a defendant's contacts with a forum are "related enough" to the litigation. *Ford Motor Co.*, 141 S. Ct. at 1031.

Here, Plaintiffs have shown that BNYM's contacts with New Jersey are sufficiently related to their claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty. Plaintiffs allege that BNYM aided Stanford by helping with recruiting, providing reputational enhancement, assisting with transferring funds, and soliciting Stanford's business. Pls.' Redacted Am. Compl. ¶¶ 82–83; 89–90 [13]. Plaintiffs further allege that these activities occurred in New Jersey through in-person meetings and by

---

*British Leyland, Ltd.*, 628 F.2d 1175, 1178 (9th Cir. 1980) (foreign corporation remotely approving marketing scheme for its U.S. subsidiary).

emails and phone calls to the state. Pls.' Resp. Br. 9. Thus, BNYM's contact with Stanford in New Jersey gave rise to Plaintiffs' aiding-and-abetting claims. Because Plaintiffs have established sufficient minimum contacts and relatedness to their claims, the Court concludes that the District Court of New Jersey has specific personal jurisdiction over BNYM.

### III. Venue is Proper in the District of New Jersey

Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). If no district satisfies the first two options, a suit may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Here, the parties dispute whether a substantial part of the events that gave rise to this litigation took place in New Jersey. Regardless, however, venue is proper because BNYM is subject to personal jurisdiction in the District of New Jersey. *See* Section II, *supra*. Accordingly, the Court denies BNYM's motion to dismiss for improper venue.

### IV. Plaintiffs State Plausible Aiding-and-Abetting Claims

Pursuant to Federal Rule of Civil Procedure 12(b)(6), BNYM argues that Plaintiffs fail to state claims for (1) aiding and abetting fraud and (2) aiding and abetting breach of fiduciary duty. The Court disagrees.

### A. *Rule 12(b)(6) Standard*[4]

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

---

[4] The parties agree that Fifth Circuit caselaw regarding the Rule 12(b)(6) standard applies. Def.'s Mot. Dismiss 6; Pls.' Resp. Br. 3; *see also Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 857 (5th Cir. 2021) ("Generally, questions of federal law in MDL-transferred cases are governed by the law of the transferee circuit.").

### B. Plaintiffs State Claims for Aiding and Abetting Fraud and Aiding and Abetting Breach of Fiduciary Duty[5]

To state a claim for aiding and abetting fraud, a plaintiff must plausibly allege that (1) the party whom the defendant aided performed a wrongful act that caused an injury, (2) the defendant was generally aware of its role as part of an overall illegal or tortious activity, and (3) the defendant knowingly and substantially assisted in the principal violation. *McCormac v. Qwest Comms. Int'l, Inc.*, 904 A.2d 775, 784 (N.J. Super. Ct. App. Div. 2006). To state a claim for aiding and abetting breach of fiduciary duty, a plaintiff must allege "(1) a breach of fiduciary duty; (2) the defendant's knowledge of and substantial assistance in that breach; and (3) damages resulting from the breach." *Wiatt v. Winston & Strawn LLP*, 838 F. Supp. 2d 296, 307 (D.N.J. 2012) (citing *McCormac*, 904 A.2d at 782–83). BNYM argues only that Plaintiffs fail to state sufficient facts to establish substantial assistance and scienter for both claims.

As an initial matter, Plaintiffs assert claims based on BNYM's actions rather than Pershing's. Pls.' Resp. Br. 15. Thus, BNYM's argument about piercing the corporate veil is not on point. Further, Plaintiffs' references to "Pershing/BNYM" does not constitute impermissible group pleading. In accordance with the liberal notice pleading requirement of Rule 8, the complaint specifies the claims against BNYM[6] and alleges how BNYM and

---

[5] The parties agree that New Jersey law applies to both aiding-and-abetting claims. Def.'s Supp. Br. 6; Pls.' Supp. Br. 7 [69]; *see also In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) ("When considering questions of state law [in a multidistrict litigation], the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.").

[6] Indeed, BNYM is the only defendant in this case.

MEMORANDUM OPINION & ORDER – PAGE 9

Pershing operated in concert because Pershing is a subsidiary of BNYM. Pls.' Redacted Am. Compl. ¶ 8; *see also Shapiro v. Aetna, Inc.*, 2023 WL 4348601, at *10 (D. N. J. 2023) (rejecting group-pleading argument because the complaint explained how the two defendant-companies acted together with one operating as a subsidiary of the other).[7] Accordingly, the Court rejects BNYM's argument to dismiss the complaint for impermissible group pleading.

Additionally, Plaintiffs' complaint states plausible claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty. First, the complaint sufficiently pleads substantial assistance. Plaintiffs allege BNYM recruited financial advisors to work for Stanford and provided reputational enhancement. Pls.' Redacted Am. Compl. ¶ 46. Further, Plaintiffs allege that BNYM assisted with the transfer of funds to Stanford.[8] *Id.* at ¶ 29. Taking these allegations as true and viewing them in a light most favorable to the Plaintiffs, the complaint plausibly alleges that BNYM provided substantial assistance to Stanford's sale of fraudulent CDs.

Second, the complaint sufficiently pleads scienter. Plaintiffs allege BNYM worked with Stanford despite numerous indicia of fraud such as a lack of documentation supporting

---

[7] Fifth Circuit caselaw also supports this reading of Rule 8. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385–86 (5th Cir. 2017) (affirming ruling that group pleading in the complaint nevertheless complied with Rule 8 by providing "minimally adequate notice of Plaintiffs' claims in [the] matter and the bases therefor"); *Reed Migraine Centers of Tex., PLLC v. Chapman*, 2015 WL 11120872, at *4 (N.D. Tex. 2015).

[8] BNYM argues that routine banking transactions cannot amount to substantial assistance. Def.'s Supp. Br. 7–8. But transferring funds is only one of many actions Plaintiffs allege substantially assisted Stanford.

Stanford's unusually high return on investments, a failed trip to Antigua to understand Stanford's operations, a pending SEC investigation into Stanford, and Stanford's general lack of transparency despite numerous requests for information. *Id.* at ¶¶ 16–19, 35. More importantly, the complaint names BNYM employees who raised concerns about Stanford's practices. *See, e.g., id.* at ¶ 57–58, 66. These allegations support a plausible inference that BNYM knew it was assisting Stanford in fraud and breach of fiduciary duty. Because Plaintiffs have sufficiently pled substantial assistance and scienter, the Court denies BNYM's motion to dismiss for failure to state a claim.

## CONCLUSION

Because the District of New Jersey has personal jurisdiction over BNYM and serves as a proper venue, the Court denies BNYM's motion to dismiss pursuant to Rules 12(b)(2) and (b)(3). Further, the Court concludes that Plaintiffs state plausible claims for aiding and abetting fraud and aiding and abetting breach of fiduciary, and thus denies BNYM's motion to dismiss pursuant to Rule 12(b)(6).

Signed August 9, 2023.

_____
David C. Godbey
Chief United States District Judge