IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO MOGOLLON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-3070-N |
| | § | |
| BANK OF NEW YORK MELLON, | § | |
| | § | |
| Defendant. | § | |

## MEOMORANDUM OPINION & ORDER

This Order addresses Plaintiffs Sergio Mogollon and Colleen Lowe's motion for suggestion of remand [65]. For the reasons set forth below, the Court grants the motion.

### I. ORIGINS OF THE MOTION

This case arises out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). The facts of Stanford's scheme are well-established, *see, e.g., Janvey v. Democratic Senatorial Campaign Committee, Inc.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and are not recounted in great detail here. Reduced to its essence, Stanford's scheme involved the sale of fraudulent certificates of deposit ("CDs") issued by Stanford International Bank, Ltd. ("SIBL"), an offshore bank based in Antigua. Although Stanford represented to investors that CD proceeds were invested in only low risk, high return funds, in reality the CD proceeds were used to finance Stanford's own extravagant lifestyle and pay off previous investors.

In March 2019, Plaintiffs brought this suit in the District of New Jersey, aspiring to represent a class of CD investors against BNYM. Pls.' Compl. 1 [1]. Plaintiffs allege that in various ways, primarily tied to its association with the clearing firm Pershing LLC, BNYM aided and abetted the Stanford Ponzi scheme. In December 2019, the Judicial Panel on Multidistrict Litigation ("JPML") transferred this case to the Northern District of Texas. JPML Transfer Order [15]. BNYM subsequently filed a motion to dismiss, which the Court granted based on New Jersey's statute of limitations. Order Granting Mot. Dismiss [40]. However, the Fifth Circuit reversed. *Mogollon v. Bank of New York Mellon*, 2022 WL 17716332, at * 1 (5th Cir. 2022). Subsequently, the Court considered the remaining arguments from BNYM's initial motion to dismiss and denied the motion. Order Den. Mot. Dismiss (August 9, 2023) [78]. Now, the Court considers Plaintiffs' motion for suggestion of remand.

## II. The Court Grants Plaintiffs' Motion for Suggestion of Remand

Pursuant to JPML Rule 10.1, Plaintiffs requests that the Court suggest to the JPML that this case be remanded to the District of New Jersey. The Court grants the request.

### *A. Remand Standard*

Section 1407 states that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). However, it is "not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel." *In re Evergreen Valley Project Litig.,* 435 F. Supp. 923, 924 (J.P.M.L. 1977).

Instead, the transferee judge "in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate." *Id.* Therefore, in considering remand, the Panel is "greatly influenced by the transferee judge's suggestion that remand of the action is appropriate." *Id.*; *see also In re Data Gen. Corp. Antitrust Litig.*, 510 F. Supp. 1220, 1226–27 (J.P.M.L. 1979) (per curiam).

***B. Remand is Appropriate in This Case***

In December 2019, the JPML transferred this case to the Northern District of Texas, stating that it involves questions of fact that are common to the actions previously transferred. JPML Transfer Order 1. Considering that the MDL is winding down and operating mainly as a receivership, akin to a bankruptcy proceeding, this case now shares little overlap with the remaining MDL cases. Thus, remand is appropriate for two reasons.

First, the common issues of fact between this case and the MDL have largely been resolved. Plaintiffs' claims for aiding and abetting fraud and aiding and abetting breach of fiduciary require proof of Stanford's underlying violation. However, given the proceedings in this Court and the Fifth Circuit, it is now beyond dispute that the Stanford companies operated as a Ponzi scheme and that SIBL CD investments were not managed as represented and that such representations were material. Thus, the "key issue" in this case is not whether Stanford was primarily liable, but whether BNYM willingly and

substantially assisted in the violation.[1] These issues are governed solely by New Jersey law, unlike any other MDL case.

Second, there is unlikely to be overlap in discovery. BNYM is not subject to any other claim within the MDL and will not be subjected to duplicative discovery upon transfer. Further, this case is unlikely to benefit from any further discovery in the remaining MDL cases, as those cases are winding down and are unlikely to recover additional information on Stanford's scheme, nor any information regarding BNYM's involvement. Conversely, the discovery from this case is unlikely to affect the remaining MDL cases. Any benefits to consolidated case management are thus over.

BNYM argues that remand is inappropriate because there is a pending motion to dismiss, and this case is a putative class action. But, at this point, the Court has dispensed with BNYM's motion to dismiss and there are no other pending motions. Further, BNYM has not shown that the District of New Jersey cannot adequately address class certification. While the Court has amassed expertise in the Stanford Ponzi scheme, the remaining issues involve New Jersey law. If necessary, the District of New Jersey can turn to the Court's numerous substantive rulings for guidance. *See In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F. Supp. 2d 1379 (J.P.M.L. 2009) (vacating conditional transfer order because "common discovery [was] completed and the judge ha[d] issued many substantive

[1] BNYM contends that it will not stipulate to the primary violation. Def.'s Opp. Mot. Suggestion Remand 8 [76]. But the lack of BNYM's stipulation does not negate the years of litigation and discovery substantiating the existence of a Ponzi scheme.

rulings that will help shape the litigation of individual cases which remains.”). Accordingly, the Court grants Plaintiffs’ motion for suggestion of remand.

## CONCLUSION

Because there are no further benefits of consolidated case management, the Court grants Plaintiffs’ motion for suggestion of remand. By separate Order, the Court will suggest remand to the JPML.

Signed August 11, 2026.

David C. Godbey
Senior United States District Judge